John W. Kluksdal [ISB No. 5641]
Kira Dale Pfisterer [ISB No. 6571]
HEPWORTH, JANIS & KLUKSDAL, CHTD.
537 West Bannock Street, Ste. 200
P.O. Box 2582
Boise, ID 83701-2582
Telephone: 208-343-7510
Facsimile: 208-342-2927
E-mail: jkluksdal@hepworthlaw.com
E-mail: kdp@hepworthlaw.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SEAN C. HILL, ) | |
| ) | Case No. |
| Plaintiff, ) | |
| ) | |
| vs. ) | **COMPLAINT AND DEMAND FOR** |
| ) | **JURY TRIAL** |
| UNITED STATES OF AMERICA and ) | |
| JOHN H. TRUKSA, M.D., ) | |
| ) | |
| Defendants. ) | |
| ) | |

COMES NOW, the above-named Plaintiff, by and through his counsel of record, the law firm of HEPWORTH JANIS & KLUKSDAL, CHTD., and for a cause of action against the Defendants, United States of America and Dr. John H. Truksa, COMPLAINS AND ALLEGES as follows:

COMPLAINT AND DEMAND FOR JURY TRIAL - 1

## PARTIES

1. At all times relevant herein, Plaintiff Sean C. Hill, has been an individual residing in Caldwell, Canyon County, Idaho.

2. Defendant United States of America is the real party in interest for Community Health Clinics, Inc. dba Terry Reilly Health Services, a community health organization under the provisions of the Public Health Services Act, 42 U.S.C. § 201 *et seq*.

3. Defendant Dr. John H. Truksa is a medical doctor licensed to practice medicine in the State of Idaho with his principle place of practice in Nampa, Canyon County, Idaho.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1346 and 1367(a).

5. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1402(b).

## GENERAL ALLEGATIONS

6. At all times relevant herein, Community Health Clinics, Inc. was, and now is, a non-profit corporation duly organized and existing under the laws of the State of Idaho and is transacting business in Canyon County, Idaho, as Terry Reilly Health Services ("TRHS").  Upon information and belief, TRHS is deemed a community health center under provisions of the Public Health Services Act, Section 330(e).

7. On September 29, 2009, Hill went to TRHS in Caldwell complaining of back pain.  TRHS physician's assistant, Janine Franco, noted that Hill's upper right back was tender to pressure but felt that Hill was drug-seeking and offered to prescribe only ibuprofen and flexeril.

8. On November 23, 2009, Hill returned to TRHS again complaining of back pain. This time he was seen by TRHS physician's assistant Kyle George. Hill told George that ibuprofen helped alleviate some of the pain, but it was not going away completely. Hill also told George that his back pain felt different than before. The pain was much more severe, effecting his breathing and making him nauseated. In addition, he had blood in his sputum and occasionally grew sweaty with tingling in his extremities. George ordered blood work and x-rays of Hill's spine.

9. On November 24, 2009, Hill went to TRHS in Nampa to have x-rays taken. The x-rays were sent to radiologist, Dr. John H. Truksa, for evaluation.

10. Dr. Truksa's written evaluation of the x-ray states that Hill had a "[m]arked loss of intervertebral disc space at the T9-T10 level with appearance suggesting developmental blocked vertebrae, but other etiology such as inflammation or trauma should not be excluded and further evaluation by MR examination may be considered if clinically indicated."

11. In reality, the x-rays reflect that Hill had an infection in his spine that should have been evident to Dr. Truksa.

12. In any event, neither Dr. Truksa nor TRHS relayed to Hill the results of Dr. Truksa's evaluation or the need for follow-up care.

13. In the days that followed, Hill's condition worsened. Hill called TRHS twice inquiring about the x-rays. Hill was told that a doctor would have to relay the results to him.

14. On December 7, 2009, Hill lost feeling in his legs. He called 911 and was

transported to the emergency room.  He was then diagnosed with a T9-10 dorsal epidural abscess, T9-10 osteomyelitis, and a T9-10 disk space infection.  Hill was immediately prepared for emergency spine surgery.

15.     The failure to relay the results of the x-ray and to treat Hill in a timely fashion allowed the abscess to grow and advance to a point where its pressure damaged Hill's spinal cord and caused Hill permanent weakness in his lower extremities, spasticity, and a neurogenic bladder.

16.     On September 10, 2010, Plaintiff filed a Notice of Tort Claim with the United States Department of Health and Human Services ("HHS") pursuant to the Federal Tort Claims Act.

17.     On July 18, 2011, Plaintiff received notification from HHS that the claim had been denied by the United States government.

18.     Plaintiff has complied with the pre-litigation screening requirements of the Idaho medical malpractice statutes.

## COUNT ONE

### *Negligence Against the United States of America*

19.     Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1-18 above as if fully set out herein.

20.     The medical treatment Plaintiff received at TRHS was negligent and fell below the standard of care owed to patients, like Plaintiff.  This negligence included the failure to inform Hill of the results of the x-ray and the need for follow-up care.

21. TRHS's negligence was the direct and proximate result of Plaintiff's injuries. These injuries include the growth of the abscess, its impact on Hill's spinal cord, and the permanent injuries he has suffered as a result.

22. As a direct and proximate result of THRS's negligence, Plaintiff has sustained economic and non-economic losses, which include but are not limited to: (a) Plaintiff's past and future medical expenses; (b) Plaintiff's reduced earnings capacity; and (c) Plaintiff's pain and suffering. The precise amount of these damages will be proven at the time and place of trial.

## COUNT TWO

### *Negligence Against John H. Truksa M.D.*

23. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1-22 above as if fully set out herein.

24. The medical treatment Plaintiff received from Dr. Truksa was negligent and fell below the standard of care. Dr. Truksa failed to accurately interpret the x-ray to reveal an infection. Dr. Truksa also failed to immediately and directly convey the findings to TRHS.

25. Dr. Truksa's negligence was the direct and proximate result of Plaintiff's injuries. These injuries include the growth of the abscess, its impact on Hill's spinal cord, and the permanent injuries he has suffered as a result.

26. As a direct and proximate result of Dr. Truksa's negligence, Plaintiff has sustained economic and non-economic losses, which include but are not limited to: (a) Plaintiff's past and future medical expenses; (b) Plaintiff's reduced earnings capacity; and

(c) Plaintiff's pain and suffering.  The precise amount of these damages will be proven at the time and place of trial.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays for judgment against the Defendants as follows:

(1) For all economic and non-economic damages sustained as a direct and proximate result of the wrongful conduct of the Defendant, as referenced above, all in amounts to be proven at the time and place of trial in this action;

(2) For all costs and attorney's fees incurred in prosecution of this action, pursuant to federal and Idaho law including, but not limited to, Federal Rule of Civil Procedure 54(d); and

(3) For such other and further relief as the Court deems just and equitable.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a jury trial on all issues and claims in this matter.

//
//
//
//
//

COMPLAINT AND DEMAND FOR JURY TRIAL - 6

Respectfully submitted,
Counsel for Plaintiff
Sean C. Hill


 /s/   John W. Kluksdal
JOHN W. KLUKSDAL, (ISB No. 5641)
KIRA DALE PFISTERER (ISB No. 6571)
Hepworth, Janis & Kluksdal, Chtd.
537 W. Bannock St., Ste. 200
P.O. Box 2582
Boise, ID 83701-2582
Tel: (208) 343-7510
Fax: (208) 342-2927
hjlklux@aol.com
kdp@hepworthlaw.com

Date:   September 2, 2011            /s/ John W. Kluksdal