UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SEAN HILL<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 1:11-cv-00413-BLW<br><br>MEMORANDUM DECISION AND ORDER |

**INTRODUCTION**

Before the Court is Plaintiff Sean Hill's Motion for Attorney's Fees Pursuant to F.R.C.P. 37(c)(2) (Dkt. 77). Hill argues that he is entitled to attorney's fees pursuant to 37(c)(2) "because Defendant unreasonably failed to admit negligence, and unreasonably failed to admit past medical expenses and certain items on the Life Care Plan were reasonable, necessary, and proximately caused by the Defendant's negligence." *Pl's Reply*, p. 1, Dkt. 79. After reviewing the motion and facts the Court will deny the motion as set forth below.

## BACKGROUND

Plaintiff Sean Hill suffered a spinal cord injury after seeking treatment from Terry Reilly Health Services, a community health center. During his second visit to Terry Reilly, Hill saw Kyle George, a physician's assistant. Mr. George ordered a series of spine x-rays be taken to investigate the source of Hill's back pain. After the x-rays had been taken but before the radiologist returned a report, Mr. George left for a Thanksgiving vacation. He did not return to the clinic's Caldwell location until a couple of weeks later. No one at Terry Reilly reviewed the spinal x-rays while Mr. George was on vacation. In the meantime, Hill suffered a spinal cord injury resulting from an undiagnosed epidural abscess.

On September 2, 2011, Hill filed a complaint, alleging that he received negligent medical services from Terry Reilly, which proximately caused his spinal cord injury. *Compl.* ¶¶ 20-12, Dkt. 1. Because Terry Reilly is deemed an "employee" of the Public Health Service pursuant to 42 U.S.C. § 233(g)-(n), the United States assumes liability for the acts and omissions of Terry Reilly. Hill therefore named the United States as the defendant. In its answer, the United States denied Hill's allegations. *Answer*, ¶ XVII, Dkt. 6.

On February 4, 2013, Hill first served requests for admission on the United States. The United States responded on March 8, 2013. In its responses to the requests for admissions, the United States denied Kyle George was negligent and denied that Kyle George's negligence caused Hill's damages:

> REQUEST FOR ADMISSION NO. 4: Admit that Kyle George's failure to arrange for someone to review records and lab results for his patients while he was away was a breach in the applicable standard of care
>
> RESPONSE: Deny.
>
> \*\*\*
>
> REQUEST FOR ADMISSION NO 6: Admit that Kyle George's failure to coordinate other providers to monitor his patient files in November to December 2009 was negligent.
>
> RESPONSE: Deny.
>
> REQUEST FOR ADMISSION NO. 7: Admit that Kyle George's negligence was a proximate cause of Sean Hill's damages.
>
> RESPONSE: Deny.

*Kluksdal Aff.* ¶ 3, Ex. B. Hill never asked the United States to admit that Terry Reilly or Defendant was negligent.

On May 1, 2013, Hill moved for partial summary judgment on the issues of negligence and proximate cause. The United States offered no defense to allegations against Terry Reilly but argued that Kyle George was not negligent:

> Defendant does not have a defense to the allegations against the clinic. The defense recognizes that the distinction between asserting that Mr. George was negligent and that the clinic was negligent is legally irrelevant in the context of this motion. However, Defendant makes the differentiation because the distinction does matter to the involved individuals.

*Def.'s Resp. to Mot. Sum. Judg.* at 3-4, Dkt. 38. On June 21, 2013, the Court entered a decision granting Hill's motion. *Memorandum Decision and Order*, Dkt. 40.

Before the Court entered summary judgment in favor of Hill on the issue of liability, but after the close of discovery, Hill propounded a second request for

admissions relating to damages. On June 18, 2013, the United objected to the requests on the grounds that they were propounded after the close of discovery:

> REQUEST FOR ADMISSION NO. 8: Attached hereto as Exhibit "A" is a Recapitulation of Medical Expenses. Please admit these expenses are reasonable, necessary, and proximately caused by Sean Hill's spinal cord injury.
>
> RESPONSE: Defendant objects to Request for Admission No. 8 because it was not timely propounded within the discovery deadline.
>
> ***
>
> REQUEST FOR ADMISSION NO. 11: Attached hereto as Exhibit "B" is the Economic Report completed by Dr. Barry Ben-Zion. Please admit that the value of Sean Hill's past loss of household services is $17,644.
>
> RESPONSE: Defendant objects to Request for Admission No. 11 because it was not timely propounded within the discovery deadline.
>
> REQUEST FOR ADMISSION NO 12: Attached hereto as Exhibit "C" is the Earning Capacity Evaluation and Life Care Plan completed by Dr Marry Barros-Bailey. Please admit that the future needs and current costs identified in the Life Care Plan are reasonable, necessary, and proximately caused by Sean Hill's spinal cord injury
>
> RESPONSE: Defendant objects to Request for Admission No 12 because it was not timely propounded within the discovery deadline.
>
> REQUEST FOR ADMISSION NO. 13: Attached hereto as Exhibit "B" is the Economic Report completed by Dr. Barry Ben-Zion. Please admit that the present value of the costs associated with Sean Hill's Life Care Plan is $1,171,028.
>
> RESPONSE: Defendant objects to Request for Admission No. 13 because it was not timely propounded within the discovery deadline.
>
> REQUEST FOR ADMISSION NO. 14: Please admit that the Life Care Plan and DL Ben-Zion's calculations based on that plan, sets forth reasonable and necessary expenses which have been proximately caused by Sean Hill's spinal cord inju1y

> RESPONSE: Defendant objects to Request for Admission No. 14 because it was not timely propounded within the discovery deadline.
>
> \*\*\*
>
> REQUEST FOR ADMISSION NO .. 16: Please admit Sean Hill's past medical bills associated with the spinal cord injury, as seen on the Recapitulation of Medical Expenses attached as Exhibit "A", amounts to $304,801.71.
>
> RESPONSE: Defendant objects to Request for Admission No. 16 because it was not timely propounded within the discovery deadline.

*Kluksdal Aff.* ¶ 4, Ex. C.

Hill maintains that the purpose of propounding these requests was to narrow the issues for trial. In the cover letter accompanying the May 23, 2013 requests for admission, Plaintiff's counsel stated: "I believe there are many issues in this case that are undisputed and I am attempting to narrow those down." *Kluksdal Aff.* ¶ 5, Ex D. After receiving the denial of the requests for admission on damages, Plaintiff's counsel wrote on July 11, 2013: "Now that we have a trial date, I need to start scheduling my experts. In that vein, I don't want to schedule someone unless I have to. Can you tell me what you will be contesting?" *Id.* ¶ 6, Ex. E Defense counsel wrote back: "I will contest the damages." *Id.* In response, Plaintiff's counsel wrote: "What portion of the damages will you contest? For example, the past medical expenses on our recapitulation. Will any of those be contested?" *Id*.

Because Defendant never admitted that any portion of the Life Care Plan, nor any portion of the past medical expenses, were reasonable, necessary, and proximately caused

> RESPONSE: Defendant objects to Request for Admission No. 14 because it was not timely propounded within the discovery deadline.
>
> \*\*\*
>
> REQUEST FOR ADMISSION NO .. 16: Please admit Sean Hill's past medical bills associated with the spinal cord injury, as seen on the Recapitulation of Medical Expenses attached as Exhibit "A", amounts to $304,801.71.
>
> RESPONSE: Defendant objects to Request for Admission No. 16 because it was not timely propounded within the discovery deadline.

*Kluksdal Aff.* ¶ 4, Ex. C.

Hill maintains that the purpose of propounding these requests was to narrow the issues for trial. In the cover letter accompanying the May 23, 2013 requests for admission, Plaintiff's counsel stated: "I believe there are many issues in this case that are undisputed and I am attempting to narrow those down." *Kluksdal Aff.* ¶ 5, Ex D. After receiving the denial of the requests for admission on damages, Plaintiff's counsel wrote on July 11, 2013: "Now that we have a trial date, I need to start scheduling my experts. In that vein, I don't want to schedule someone unless I have to. Can you tell me what you will be contesting?" *Id.* ¶ 6, Ex. E Defense counsel wrote back: "I will contest the damages." *Id.* In response, Plaintiff's counsel wrote: "What portion of the damages will you contest? For example, the past medical expenses on our recapitulation. Will any of those be contested?" *Id*.

Because Defendant never admitted that any portion of the Life Care Plan, nor any portion of the past medical expenses, were reasonable, necessary, and proximately caused

by the spinal cord injury, Hill argues that he is entitled to attorney fees pursuant to Rule 37(c)(2).

## ANALYSIS

If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof. The court must so order unless:

> (A) the request was held objectionable under Rule 36(a);
> (B) the admission sought was of no substantial importance;
> (C) the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or
> (D) there was other good reason for the failure to admit.

Fed. R. Civ. P. 37(c)(2) (Emphasis added). The Federal Rules are intended "to secure the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1. Parties may not view requests for admission as a mere procedural exercise requiring minimally acceptable conduct. They should focus on the goal of the Rules – full and efficient discovery – not evasion and word play. *Marchand v. Mercy Med. Ctr.,* 22 F.3d 933, 936-37 (9th Cir. 1994).

The United States insists that the denials to Hill's admission requests should be excepted from sanctions under Rule 37(c)(d) because there was good reason to deny the requests. *Def.'s Resp. at 2*, Dkt. 78. The Court agrees. Although the United States' justification for the denials may appear to Hill as mere "word play," this is not supported by the factual record. (Dkt. 74). Hill did not ask the United States to admit that

"Defendant was negligent," or "Terry Reilly Health Clinic was negligent." Instead, Hill's questions asked the United States to admit that Kyle George was negligent – an allegation the United States consistently denied. The United States' responses were therefore reasonable, and not a blatant attempt to force plaintiffs to expend excess time and money. Hill has also failed to show the matter was later proved to be true, requiring the Court order sanctions.

Additionally, the denials to Request for Admission Nos. 8-16 were proper given that Hill propounded the requests after the deadline for discovery had passed. The Court, as well as both parties, had an interest in discovery responses being completed by the deadline of April 12, 2013. (Dkt. 16). The United States cannot be held to pay Hill's fees simply for refusing to capitulate to discovery after the discovery deadline passed.

## ORDER

**IT IS ORDERED that** the motion for attorney's fees (Dkt. 77) is **DENIED.**

DATED: July 15, 2014

_____
B. Lynn Winmill
Chief Judge
United States District Court